**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-6643**
_____

ROBERT CAMPBELL,

        Plaintiff – Appellant,

    v.

JEAN SMITH; SHAMYRA MCREA; JOHN BRITT; SGT. MCCLINEN,

        Defendants – Appellees.

_____

**No. 10-6737**
_____

ROBERT CAMPBELL,

        Plaintiff – Appellee,

    v.

JEAN SMITH; SGT. MCCLINEN,

        Defendants – Appellants,

    and

SHAMYRA MCREA; JOHN BRITT,

        Defendants.

_____

Appeals from the United States District Court for the District of South Carolina, at Rock Hill. Patrick Michael Duffy, Senior District Judge. (0:08-cv-03668-PMD)

_____

Submitted:  October 14, 2010          Decided:  October 21, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

No. 10-6643 dismissed; No. 10-6737 dismissed in part and affirmed in part by unpublished per curiam opinion.

Robert Campbell, Appellant/Cross-Appellee Pro Se.   Christopher R. Antley, DEVLIN & PARKINSON, PA, Greenville, South Carolina, for Appellees/Cross-Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 42 U.S.C. § 1983 (2006), Robert Campbell, a South Carolina inmate, filed an action seeking damages for alleged civil rights violations in connection with an incident that occurred at the Evans Correctional Institution on June 25, 2008. Campbell claims that Defendants Jean Smith and Sgt. McClinen used excessive force against him when Smith sprayed him with tear gas following a verbal altercation and later hit him in the face while McClinen restrained him, even though he was handcuffed at the time. Campbell received a prison disciplinary conviction for assaulting Smith and claims further that Defendants Shamyra McRae and John Britt conspired against him on Smith's behalf to charge him with the disciplinary infraction.

Defendants moved for summary judgment, asserting, among other arguments, a defense of qualified immunity to suit. The magistrate judge recommended that Defendants' summary judgment motion be granted as to Campbell's excessive force claim challenging Smith's use of tear gas and his claim challenging his disciplinary conviction and denied as to Campbell's excessive force claim challenging Smith and McClinen's actions while Campbell was handcuffed. The district court adopted the magistrate judge's recommendation, granted Defendants' summary judgment motion on Campbell's claims challenging Smith's use of tear gas and his disciplinary

3

conviction, dismissed McRae and Britt from the suit, and denied Defendants' summary judgment motion on Campbell's excessive force claim challenging Smith and McClinen's actions following Smith's use of the tear gas, implicitly rejecting their request for qualified immunity. Campbell noted an interlocutory appeal (No. 10-6643), and Smith and McClinen noted an interlocutory cross-appeal (No. 10-6737).

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). As to Campbell, the district court's order is neither a final order nor an appealable interlocutory or collateral order. Accordingly, in No. 10-6643, we dismiss the appeal for lack of jurisdiction.

With respect to Smith and McClinen's cross-appeal, although the Supreme Court has recognized that an order rejecting a claim of qualified immunity is an appealable order at the summary judgment stage, Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), immediate appealability of an order rejecting a government official's qualified immunity defense is appropriate only if the rejection rests on a purely legal determination that the facts do not establish a violation of a clearly established right, Johnson v. Jones, 515 U.S. 304, 319-20 (1995). Thus, "if

the appeal seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact, this Court does not possess jurisdiction under [28 U.S.C.] § 1291 to consider the claim." Valladares v. Cordero, 552 F.3d 384, 388 (4th Cir. 2009).

Relying on the parties' conflicting accounts of the events following Smith's use of the tear gas, the district court concluded that there existed in the record evidence from which a reasonable trier of fact could conclude that Smith and McClinen acted maliciously and sadistically to cause Campbell harm while he was handcuffed and restrained. Although Smith and McClinen claim that their application of force did not amount to excessive force violating the Eighth Amendment because Smith only slapped Campbell, we lack jurisdiction to consider this claim, as it asserts the "insufficiency of the evidence to raise a genuine issue of material fact." Id.

Although we have jurisdiction to consider Smith and McClinen's claim that they were entitled to qualified immunity because a prison officer's singular attack on an inmate does not qualify as punishment, we nonetheless conclude it fails because, in June 2008, it was clearly established that the Eighth Amendment forbade the "unnecessary and wanton infliction of pain" against inmates. Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Not every infliction

5

of pain is forbidden, however, and prison officials may apply force to an inmate "in a good faith effort to maintain or restore [prison] discipline." Id. at 320 (internal quotation marks omitted). However, where prison officials use force "maliciously and sadistically for the very purpose of causing harm," an Eighth Amendment violation has occurred. Id. at 320-21 (internal quotation marks omitted). Based on Campbell's version of events giving rise to this litigation, he was in handcuffs and restrained by McClinen when Smith hit him. If this version of events is accepted, a trier of fact could easily conclude that an Eighth Amendment violation occurred.

Accordingly, in No. 10-6737, we dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 10-6643 DISMISSED
No. 10-6737 DISMISSED IN PART
AND AFFIRMED IN PART